```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/21/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BLU-RAY DISC ASSOCIATION,                                         :
                                                                  :
                            Plaintiffs,              :
                                                                  :     22-cv-03365 (LJL)
     -v-                                                          :
                                                                  :     ORDER
TOP MEDIA, INC. AND NEW CENTURY MEDIA                             :
CORP.,                                                            :
                                                                  :
                            Defendants.              :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        The above-named parties, having entered into a settlement agreement that fully resolves the claims in the case, request that the Court enter a proposed final judgment and permanent injunction against the Defendants. Dkt. No. 36. The proposed final judgment and permanent injunction would have the Court enforce the parties' settlement agreement. However, the parties have not filed the settlement agreement on the docket.

        The Court will not retain jurisdiction to enforce a settlement agreement whose terms are confidential. The public has a right to know the terms of an agreement the Court's resources will be drawn upon to enforce and to apply to the parties. If the parties wish that the Court retain jurisdiction to enforce payment according to the terms of an agreement, the parties must place the terms of the settlement agreement on the public record.

        By May 5, 2023, the parties shall place the terms of their settlement agreement on the public record or inform the Court that they withdraw the request for the Court to enter the proposed final judgment and permanent injunction against the Defendants as drafted. If the parties withdraw the request for the Court to enter the proposed final judgment and permanent


injunction as drafted against Defendants, they may either file a proposed stipulation of dismissal to that effect or, in the alternative, submit a revised order that does not contain language asking the Court to enforce payment according to the terms of the agreement. If the parties submit a revised order, they should also ensure that any proposed permanent injunction contained therein is not overbroad. *See* Fed. R. Civ. P. 65(d)(2) (authorizing the Court to enjoin "only" the following who receive actual notice of the injunction: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)"); *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 377 (S.D.N.Y. 2020), *adhered to in part on reconsideration*, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020).

SO ORDERED.

Dated: April 21, 2023
      New York, New York

_____
            LEWIS J. LIMAN
      United States District Judge